Vincent A. Lupiano, J.
Motion to vacate or modify warrant of attachment is decided hereinhelow:
Plaintiff sued defendant in Massachusetts for $3,356.39 representing three months’ salary covering the period ending September 8, 1959. In that action defendant’s funds in the amount of $5,000 were attached. Although such action is still pending, plaintiff has instituted another action in this court on the same employment agreement claiming damages of $25,000 representing a full year’s salary, also, damages arising out of loss of stock option rights, subject of the contract. The present action, therefore, embraces the claim asserted in the Massachusetts action.
Defendant urges (1) that the pendency of the Massachusetts suit and the warrant of attachment issued therein operate to bar the present attachment; (2) that the affidavit in support of the instant attachment fails to justify damages with respect to the stock option agreement; and (3) the attachment is further excessive in amount because it ignores mitigation of damages.
The fact that an action is pending between the same parties in Massachusetts, where the other attachment issued, is no bar to the present action, nor is that plea sufficient ground to vacate the warrant in its entirety. However, attachment should only issue to the extent as may be necessary to secure the additional amount claimed in the instant action, unless plaintiff elects to abandon the Massachusetts action, whereupon he may retain his attachment here, in the proper prima facie amount (see Trubee v. Alden, 6 Hun 75).
The affidavits set forth a prima facie showing that plaintiff sustained damages to the extent of $18,205, which sum represents the salary payable during the contractual period less the amount previously and actually paid. A different view, how-" ever, is taken of the damages arising from the loss of the stock option rights, which are based upon speculation and conjecture. Plaintiff was discharged prior to the accrual of the right to exercise the option. He, obviously, could not exercise the option, and it is problematical whether he would have actually exercised it with a realization of profit. Therefore, the claimed loss of $4,500 is too uncertain and indefinite in nature and fails to justify such damage for instant purpose.
As to mitigation: The fact that defendant may adduce proof at the trial which may mitigate its damage, furnishes no adequate basis, in that aspect, for reducing the amount of the attachment.
Finally, it would be inequitable for plaintiff to obtain two attachments stemming from the same contract in a total amount exceeding the damages provable thereunder. Accordingly, the *1084 motion is granted to the extent of modifying the warrant of attachment to equal the difference between the Massachusetts attachment and the sum of $18,205, representing all the damages that may be recoverable, unless plaintiff stipulates to withdraw the Massachusetts action. In the latter event, the attachment herein will stand and be reduced to $18,205. Settle order.